Ms. McLaughlin, may I please report? The city's liens on impounded vehicles are statutory liens because they arise automatically under the Municipal Code when vehicles are impounded. Only judicial liens on property that is exempted from a Chapter 7 bankruptcy estate can be avoided in bankruptcy. There is an adjudicatory process of an administrative nature that occurs before the impoundment, however, which is what the decision in the district court hinged on here, so perhaps you could address that. Sure, correct Your Honor, the argument was that because there was an opportunity to contest liability on the underlying tickets that then provided the basis to impound a vehicle, the lien that was then created automatically upon impoundment was judicial, even though it arises automatically under the ordinance when the city impounds the car. So debtors would define a judicial lien to include any lien obtained, as you said, after an opportunity for adjudicative process occurs. That cannot be the correct definition of a judicial lien, and I'll give you three different reasons why. The first problem with that definition is that it's not what the Bankruptcy Code says. Section 101 of the Bankruptcy Code defines judicial lien, and it defines it as a lien obtained by judgment. It does not define it as a lien obtained after a judgment occurs. Obtained by judgment, using plain dictionary meanings, means acquired through the mechanism of a judgment, not any lien that follows after or is traceable to some prior judgment. The second problem with that interpretation of judicial lien, and to me this is the most glaring problem with the debtors argument. Under that definition, liens that are undisputedly statutory liens, for example federal tax liens, would be reclassified as judicial liens because they are obtained only after an opportunity for judicial process. So for example, if the IRS sends me a notice of tax deficiency, I can contest that. I can take that to tax court and even appeal it all the way to Supreme Court before I get a final determination of my tax liability, and then if I don't pay, the IRS may obtain a lien on my property. So that opportunity for process, and potentially a substantial amount of judicial process, precedes the determination of liability, which is the condition specified in the federal tax statute for a tax lien to arise. It precedes a lien, but it does not create the lien. Thus, if tax liens are statutory liens, but they arise only after an adjudicative process, then debtors definition of judicial lien as a lien that follows after such a process can't be right. Under that definition, tax liens would be judicial, but they aren't. Congress said they're not, and debtors admit that they're not. They're statutory, and they're statutory because they Ms. McLaughlin, while we're focusing on the text of those definitions, what do you make of the word solely in the definition of statutory lien, and the language at the end of that section does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute? Right. Solely refers to the fact that no lien, in this case, exists prior to impoundment. Impoundment is the condition that gives rise to the lien under the ordinance. It's not part of the administrative adjudication process. Another way to read that is to say, in essence, we look at the chain of causation, right? A little more broadly, and that's why I'm wondering about the language at the end of the clause. Correct. Solely should be read as referring to the mechanism that creates the lien. The lien here is Well, judicial liens are created by or authorized by statute, right? They may be. Yes. So that's where I'm having trouble with the city's position as well. Okay, let me let me get into that a little more. A judicial lien may be, as you noted, provided by or dependent on a statute or made effective by a statute. So often a statute will explain the procedure by which a judicial lien is obtained. Those procedures can be set out in a statute, but they are ultimately procedures to convert a judgment into a lien. That lien is judicial because it's created by judicial action. Here, our ordinance does not provide for judicial procedures to obtain a lien. It just creates a lien directly. The lien is created solely by impoundment. It arises solely by force of the statute. So why in the one case do we pay attention to the judgment that leads to the imposition of the lien, but you want us not to pay attention to the adjudication process for the tickets in this case? Right, and the difference is what creates the lien. What's the mechanism by which the lien is created? So the ticketing, the adjudication of those tickets, creates the circumstances or conditions upon which is required for the city to impound the car, and the lien arises by statute. Whereas in the situation of a judicial lien, those procedures would be the process of converting that judgment into a judicial lien. So that would be the mechanism by which the judicial lien arises, and that is what every court, apart from the courts below, has held when it's addressed this issue. So we do actually think this would create a circuit split to take the approach of the courts below, because every circuit court that has encountered mandatory language in a statute that creates a lien has held that the resulting lien is a statutory lien. I think it's page 11 and 12 of our brief, we list a number of cases from the First Circuit, the Third Circuit, Fifth Circuit, the Ninth Circuit. In each of those cases, the court encountered language akin to the amount of unpaid tax shall be a lien in favor of the city. And in each of those cases, the lien was determined by the court to arise by force of the legislation, which made it a statutory lien. The language in each of those statutes is very similar to that in the city's ordinance, which says any vehicle impounded by the city or its designee shall be subject to a possessory lien in favor of the city. So again, we have this mandatory language in a statute that creates the lien. Just going quickly to the definition of a statutory lien, again, it's a lien that arises by force of a statute on specified circumstances or conditions. The word shall in the city's ordinance indicates that lien arises automatically when the specified circumstance, which here is impoundment, occurs. The city's liens therefore fit the definition of a statutory lien. Ms. McLaughlin, there are a number of grounds that can support impoundment, right? Yes. All kinds of parking violations. You get towed, you get arrested, the car gets hauled in, and as I understand it, and I'll ask plaintiffs or the debtors this as well, but as I understand it, I think everybody agrees that those would all be statutory liens. Now you've suggested that you think the debtors standard or the district court standard would be unworkable. We do. Why is that? I'm not persuaded by your brief on that point. Well, it's unworkable because I think to me, I've already talked about federal tax liens, but if you have a something that Congress itself held out as an example, they've got a tough problem with the federal tax liens. I understand that, but you're telling us this is an unworkable standard and I'd like to understand better why, just in terms of the life of the city of Chicago. Right. Well, it lacks, I mean, as far as a legal standard, it's devoid of clarity. So we think in terms of how do you interpret the statute, it becomes unworkable because it leads to a situation where... How about the impoundment is authorized as a result of an adjudicatory or quasi-adjudicatory process. Right, but that would apply to lots of other situations like, you know, the federal tax situation as well, or demolition liens, which is a completely different situation, but one where there was a judicial process that was required for ultimately a lien for the demolition costs to arise. So it does, adopting a specific mechanism, which the word by would tell us to look at, but rather, you know, can we, in the background of creating these circumstances for the lien, is there any process involved there? I do think that does, that leads to a situation where a court that wants to see a lien avoided can find a way to do that by essentially rewriting the bankruptcy code and substituting in place of the words by the language after, which is not what the code says and not what Congress intended. Unlike judicial liens, statutory liens were afforded a special status by Congress and therefore aren't avoidable under Section 522 of the Bankruptcy Code. I see I'm in my rebuttal time. I'd like another opportunity to speak with you. That's fine, thank you. Good morning, Your Honors. May it please the Court, my name is Daniel Lindsey and I represent the appellee debtor Marcella Mance. The lower courts got it right, and if you add in In re Wigfall, the prior bankruptcy decision that we talked about in our briefing, every single court that's looked at the City of Chicago's administrative ticketing system, which can lead to an impoundment to a lien of that type, has properly held that it's a judicial lien. And the reason is because you can't get the lien without first going through the administrative process and getting a final determination. That is the chain of causation, to use Judge Hamilton's phrase, which is absolutely what obtained by is all about, what it means. Depends on, results from, is caused by, you can substitute any of those, and so I think obtained after is fine as long as you add the implicit quality that it's dependent upon. So the City's argument instead is, let's look at just the very last step of the process, the impoundment, and nothing else. And that simply can't be right. That's like saying, I get my high school diploma by walking across the stage, not by doing 12 years of schooling and then walking across the stage. If their argument is right, then virtually every lien, perhaps every lien, becomes a statutory lien. Because as was properly pointed out previously, judicial determinations from a state court judgment are not in and of themselves liens. You have to do something more. You have to take a further next step to convert that into a lien. And that further next step is determined by statute. So again, just saying there's a statute which tells you how to take a judgment and convert it to a lien, that doesn't make it statutory. So if a state court judgment can become a lien on one's wages by statute and further steps, or on one's bank account by statute and further steps taken by the creditor, or on one's property. So Ms. Valenzi, if you're right, what happens to federal tax liens? So your Honor, I'm glad you asked that question. I think that the appellant has confused the discussion of IRS tax liens. They are in fact statutory. But the problem with the appellant's argument is that they are focusing on the notice of tax lien, which is not when the lien arises. So yes, there are sometimes some due process requirements or opportunities available to the taxpayer prior to the notice of tax lien issuing. But the notice of tax lien announces the existence of a lien, which already exists. When does it arise by statute? At the time of assessment. So if you look at the Internal Revenue Code section 6322, it says period of lien, and it tells you that it's the earlier time of assessment, which is typically weeks after a tax return is filed. That is when the lien actually arises. This court has recognized that in Seguro versus United States in 1979, 1261, so your decision in 1979 recognizes that a federal tax lien arises at the time the assessment is made, that the government may not file notice until some future date, if at all, does not affect the immediate attachment of a tax lien when liability is admitted or assessed. Seemingly unencumbered property may therefore in fact be subject to a quote secret tax lien, which people that do IRS tax lien work know about this secret tax lien. It's all about that earlier time when the lien actually arises by statute, which is why, yes, it is a statutory lien. So that does not help the plaintiff or the appellant in this case at all. And to clear up another point, demolition liens... Sorry, you didn't talk about 6322 in your brief, did you? No, Your Honor, because it was the appellant who made their argument, which really misstated the nature of the tax lien in their reply. So this is the first opportunity we've had to address the issue. And a lot of what the appellant is doing is muddying the water. It really is a simple test, you know, did the lien arise as a result of, because of, depending on prior to the process or not. So would you agree, Mr. Lindsay, that lots and lots of Absolutely. If a car is in front of a fire hydrant, if it's blocking a public way, otherwise causing some danger, there is a different provision of the City of Chicago Code that allows for the removal and impoundment of that car. It's a different provision, and under that provision, where there's no prior adjudicatory process, that is in fact a statutory lien. That's not what we're talking about. That's a lower level, you know, ticketing process that does require an administrative process before it can lead to the creation of the lien. So non-moving violations, parking violations essentially? Parking violations. It may include some red light, you know, the camera type tickets, some of those as well. Oh, there are some moving violations in this? I don't know in this record, if it's in the record, but it's, there's basically two parts of the code. The City of Chicago Code allowing for impoundment, and the one is the sort of emergency hazard safety ones, which creates the statutory lien. The other is what's involved here with the ticketing type violations. Yeah, in essence, if it's towable, it's a statutory lien, as I understand this. It's immediately towable, correct. Yeah, okay. And that's absolutely right, and that's just not an issue here. That's a crude rule of thumb. Okay. Just a curiosity, how common is it to rack up this level of parking tickets? Unfortunately, it's rather common. It has a lot to do with the fact that over time, tickets can double and interest and penalties accrue, so they quickly get out of hand. So this decision really has pretty significant practical implications? It certainly does affect a lot of people, yes. I mean, we're talking about what, seven percent of the city's out of traffic tickets, right? Parking tickets. I'm not sure. Okay, all right. Practical consequences. Thousands of people who aren't able to pay an initial ticket and then wind up behind the eight ball. Right. It's sort of a snowball effect. Okay. I did want to address demolition liens. Again, I think the appellant is confusing the issue, and really we have a pretty clear dichotomy here. So demolition liens, yes, they're judicial. There's a statute which provides for the process, but that process is a court process. At the end of that process, you get a judgment, and that can be turned into a lien. So that is a judicial lien. The appellant cites a handful of state court cases that casually refer to the phrase statutory demolition lien. Those cases are about lien priority. They have absolutely nothing to do with the bankruptcy code. They're not trying to decide in any of those cases between is this judicial or not. The fact that the demolition lien arises from statute is the only reason why the courts probably refer to it that way, because of course a lot of judicial liens come from common law, tort, or contract actions. So that does not confuse the issue. The bottom line is it's not unworkable at all. Do you make anything, Mr. Lindsay, out of the whether or not phrasing at the end of the definition of a statutory lien? You know what I'm talking about? I'm sorry, I missed the first part of your question. Sorry, I'm mumbling, but do you make anything out of the last several lines of the definition of a statutory lien? Does not include security interest or judicial lien, whether or not such, presumably security interest or judicial lien, is provided by or is made fully effective by statute? Yes, I think that language does two things. First of all, it shows that the definition of judicial lien is very broad and that Congress wants statutory to be very narrowly defined, and then it's making very clear here to exclude things that one might consider to be a statutory lien that are in fact a judicial lien. And then second, I would just say specifically what it often means is like in a demolition lien statute or an instance, the fact that there's a statute that tells you how to go to court and get a demolition judgment and lien does not turn it into a statutory lien. So I think that in fact it's not unworkable at all and really the congressional definitions, both of them make very clear that there's a prior judicial or administrative process which logically is required and the subsequent lien is in fact a judicial lien. And I don't think it's at all true that any of the cases cited by plaintiff, or appellant, I'm sorry, say otherwise in the other circuits. Most of those cases are clearly statutory liens because there's absolutely no question of any, you know, judicial process being involved. I think, frankly, the one case that helps them is I'm sure counsel will talk about Schick on her rebuttal. It helps them but it doesn't help them enough. So it's close. In Schick, the Third Circuit looked at the New Jersey state surcharge statute and eventually held that it was statutory and said, in fact, in Schick, you know, these definitions are usually very straightforward, easy to apply, judicial or statutory, but in our case this is hard. You know, the lower courts have gone different ways and the reason it was hard in Schick is because the statute they were looking at was this two-tiered statute, not at all like the City of Chicago statute. So how does it work? The motor vehicle statute in New Jersey, the surcharge statute, it has this first tier that's sort of plain vanilla City of Chicago type, you know, ticketing, adjudicatory process, final determination. So far the same. But then there's the second tier, the surcharge statute, which the name itself indicates. It's a surcharge. The state motor vehicle department comes back later and looks at your history and determines, you know, what you've been convicted of in terms of violations, how many times, how often, how serious, DUI, that kind of thing, and imposes points and then a certain point imposes surcharges. And the surcharge is essentially a tax. It funds the New York State Supplemental Vehicle Insurance Fund. And in that case, the statute specifies the amounts, right? Correct. The amount does not depend on the prior adjudications. Correct. And that amount goes straight to a lien upon, you know, delivering and certifying a document with the pro thumb notary. So there's no adjudicatory process after that, before or after that particular amount is added. So it's the second tier that makes it different from what we have here and what the court focused on and determined in the end made it a statutory lien. So I think, in fact, there is no circuit court that I'm aware of that looks at a system like the City of Chicago system. And the only cases that I know of, the lower courts have said it's a judicial lien. And I think that other courts that have looked at similar administrative systems, leading to judgments or final determinations and creating liens, have all also properly said it's a judicial lien. And those were cases we cited from Wisconsin, Pennsylvania, Arkansas, and New Jersey. So I think the test is actually, in almost all cases, very easy to apply. And in this case, it means there's a judicial lien. I think that's all I have, unless Your Honors have any other questions. Apparently not. Thank you very much. Ms. McLaughlin. Your Honors, let me begin with the federal tax liens. Mr. Lindsay acknowledged that a federal tax lien is created when a deficiency is assessed. A deficiency is assessed after an opportunity to contest the deficiency. If that is not successful at that point, the deficiency shall be assessed according to 26 U.S.C. 6213c. And then it shall be paid. If the taxpayer does not pay, then it becomes a lien. We laid out that procedure in our brief on page 8. So there is an opportunity for process before the assessment happens and before the lien arises. I'd like to quickly address Schick on Mr. Lindsay's invitation. Schick, we don't think, is reconcilable with the decisions of the courts below. And indeed, were this court to affirm, that would create a circuit split with the Third Circuit. In the Schick decision, the Third Circuit specifically distinguished between process involved in creating the underlying conditions for a lien, the circumstances or conditions upon which the lien arises, and the way the lien itself is created. That's no different from what we have here. Schick argued to the Third Circuit that because her underlying points for traffic convictions were based on a conviction that involved a full judicial process in state court, that that prior judicial process would render the resulting, the ultimate lien, the last step in that chain of causation, a judicial lien. And the Third Circuit rejected that, rejected the same argument that Dutter makes here. The court explained that although that process created a debt, the lien that arose was a pure creation of a statute, and therefore a statutory lien. So again, affirmance, we believe, would create a circuit split with Schick, and to a degree also with the other circuits, which, as I said, have all recognized that the kind of mandatory language, mandatory lien-creating language in legislation results in a statutory lien. But the lien at issue in the statutory scheme in Schick was for the surcharges. Correct. Plus interest. That's correct, and to the point that typically when you have a judgment lien, the amount of the judgment would drive the amount of the lien. There might be interest added on to that by statute. But here we don't have a lien that's in the amount of any of those administrative judgments. We have a lien that's in the amount of the value of the vehicle. And it's dependent not just on what could be multiple determinations of liability below, but also fees that are set by a schedule created by ordinance. And so this is quite akin to Schick, where you've got a lien. There it was in the amount of these surcharges provided in statute. Here it's a combination of different charges that are in many cases set out in ordinance. You said here the amount of the lien depends on the value of the vehicle? Well, if we've got a possessory lien, then it would be limited by the amount of the value of the collateral. So that would play into it as well. Sure. But no, we might not have a lien for the full value of the vehicle. Certainly I don't want to claim that we have that. That's what I misunderstood then. Right. And a final point. Mr. Lindsey has talked about the lien creation being the last step in a chain of causation and essentially argued that if there's due process that can be evoked at some stage of that chain of causation, that the result will be a judicial lien and that what matters is that next step doesn't matter. And we submit that it does matter what that last step in creating the lien is. It absolutely matters because that's how liens are defined. They're defined by how they are created. They are defined by that last step that's taken to obtain the lien. Was it recording a judgment in the office of the county recorder and getting a lien on property in the county? Well, that's a judicial lien. Was it registering a judgment in circuit court and serving a citation to discover assets? That's a judicial lien. Or was it impounding a vehicle and getting a lien automatically because the ordinance and state law says we can have one? That's a statutory lien. So that last step matters, and really that's fundamentally what matters. Here the lien was created by the impoundment process. It was created solely by force of the ordinance, and that makes it statutory. For that reason, we ask that the judgment of the district court be reversed in the order the bankruptcy court vacated. All right. Thank you very much. Our thanks to all counsel.